UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TIM BURKHARDT,

      Plaintiff,

v.                                                           Case No.  6:12-cv-1648-Orl-22TBS

SUPERIOR TRANSMISSION & AUTO
REPAIR, LLC, HOWARD GROSS,

      Defendants.

_____

## REPORT AND RECOMMENDATION

This case comes on for consideration without oral argument on Plaintiff's Motion for Summary Judgment. (Doc. 29).  Defendants have failed to respond and the time to do so has passed. For the reasons that follow, I respectfully recommend that the motion be granted in part and denied in part.

## BACKGROUND

From on or about March 22, 2012 until July 6, 2012, Plaintiff, Tim Burkhardt worked as a mechanic for Defendants Superior Transmission & Auto Repair, Inc. ("Superior") and Howard Gross (collectively "Defendants") (Doc. 29-1, ¶ 3). Defendants assigned Burkhardt his job duties and determined his hours of employment.  (Doc. 1, ¶ 13; Doc. 14 ¶ 13).  Burkhardt worked an average of 60 to 65 hours per week for Defendants.  (Doc. 29-1, ¶ 6).  For his services, he was paid a salary of $364 plus $200 in cash per week.  (Id., ¶ 4).  He was also promised a commission of seven percent of the store revenue but that was not paid to him. (Id., ¶¶ 4, 10).  Burkhardt was never paid overtime wages for any hours he worked

in excess of 40 hours in any work week.  (Id., ¶ 7).  When he complained about Defendants' failure to pay him overtime, Gross violently slammed his fist on the table and fired Burkhardt.  (Id., ¶ 9).

Burkhardt brings this action for: (1) recovery of unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.; (2) unjust enrichment under the common law theory of quantum meruit; (3) retaliation in violation of the Florida Whistleblower's Act., Fla. Stat. § 448.102; and (4) attorney's fees and costs pursuant to the FLSA, 29 U.S.C. § 216(b) and Fla. Stat. §§ 448.04 and 448.08. (Doc.1).

Defendants have answered and alleged the following seven affirmative defenses: (1) the complaint fails to state a cause of action upon which relief can be granted; (2) Burkhardt's claims are diminished or barred due to his failure to mitigate his damages; (3) Burkhardt is not entitled to the equitable relief of unjust enrichment because he comes to court with unclean hands; (4) Burkhardt intentionally failed to act in good faith or deal fairly with Defendants by misrepresenting the facts alleged in his complaint; (5) Burkhardt failed to follow employment procedures and harmed Defendants by not reporting to work; (6) Burkhardt's claims are barred by the doctrine of laches; and (7) Burkhardt's claims are barred by the doctrine of equitable estoppel.  (Doc. 14).

On May 15, 2013, counsel for Defendants was granted leave to withdraw. (Doc. 26).  Gross was given until May 29, 2013 to notify the Court of whether he had retained new counsel or intended to proceed pro se.  (Id.). Superior was

informed that it could not proceed without a lawyer and was given until May 29, 2013 for new counsel to appear.  (Id.).  A review of the docket reveals that to date, counsel has not appeared for either Defendant.  In an Order entered October 4, 2013, the Court gave Defendants until October 25, 2013 to show cause why default should not be entered against them for failing to comply with the Court's May 15, 2013 Order.  (Doc. 28).  The Defendants have failed to respond to the order to show cause.  They have also not filed papers in opposition to Burkhardt's motion for summary judgment.

LEGAL STANDARD

Summary judgment is appropriate when the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); Beal v. Paramount Pictures Corp., 20 F.3d 454, 458 (11th Cir. 1994).  Which facts are material depends on the substantive law applicable to the case.  Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 248 (1986).  The moving party must satisfy this initial burden by "identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Norfolk S. Ry. v. Groves, 586 F.3d 1273, 1277 (11th Cir. 2009) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolves all reasonable doubts against the

-3-

moving party.  Anderson, 477 U.S. at 255.  When the evidence conflicts, the court

presumes the nonmoving party's evidence to be true and will draw all reasonable

inferences in its favor. Shotz v. City of Plantation, 344 F.3d 1161, 1164 (11th Cir.

2003).

When the party moving for summary judgment points out an absence of

evidence on a dispositive issue for which the non-moving party bears the burden of

proof at trial, the non-moving party must "go beyond the pleadings and by [its] own

affidavits, or by the depositions, answers to interrogatories, and admissions on file,

designate specific facts showing that there is a genuine issue for trial." Celotex

Corp., 477 U.S. at 324-25 (internal quotations and citations omitted).  Summary

judgment is mandated against the non-moving party who fails to make a showing

sufficient to establish a genuine issue of fact for trial. Id. at 322, 324-25; Watson v.

Adecco Emp't Servs., Inc., 252 F. Supp. 2d 1347, 1352 (M.D. Fla. 2003).  The party

opposing a motion for summary judgment must rely on more than  conclusory

statements or allegations unsupported by facts.  Evers v. Gen. Motors Corp., 770

F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting

facts have no probative value") (citations omitted); Broadway v. City of Montgomery,

Ala., 530 F.2d 657, 660 (5th Cir. 1976).

ANALYSIS

1. Affirmative Defenses

Defendants have not filed any legal memoranda or evidence to establish the

applicability of their affirmative defenses or that any triable issues of fact exist.

-4-

Accordingly, they have not met their burden.  Their affirmative defenses are

otherwise insufficient.  For the reasons that follow, I find that Burkhardt's complaint

states a claim upon which relief can be granted.

Defendants' Second, Third, Fourth, and Sixth Affirmative Defenses are

merely labels and conclusions which fail to satisfy the requirements of Rule 8.[1]  At

best, they inform Burkhardt and the Court of legal theories Defendants intend to rely

on without providing the bases for those defenses.  It is not Burkhardt or the Court's

responsibility to interpret Defendants' vague and conclusory statements.  As pled,

they do not give fair notice and Burkhardt cannot be expected to adequately

respond to them.  Accordingly, these defenses are insufficient as a matter of law.

Defendants' Fifth Affirmative Defense fails because there is no evidence in

the record to support it.  Defendants' Seventh Affirmative Defense alleges

unspecified "acts, omissions, representations and courses of conduct by which

Defendants' were led to rely to their detriment."  (Doc. 14, p. 4).  These are

references to  misrepresentation and fraud on the part of Burkhardt.  Federal Rule

of Civil Procedure 9(b) provides that "[i]n all averments of fraud or mistake, the

circumstances constituting fraud or mistake shall be stated with particularity."  This

generally means alleging "the who, what, when, where and how: the first paragraph

of any newspaper story."  General Electric Capital Corp. v. Lease Resolution Corp.,

128 F.3d 1074, 1078 (7th Cir. 1997) (quoting DiLeo v. Ernst & Young, 901 F.2d

---

[1] Ordinarily, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

624, 627 (7th Cir. 1990)).  Defendants have failed to allege the facts necessary to comply with Rule 9(b) and therefore, this defense is insufficient as a matter of law.

2. Count One

The FLSA prohibits an employer from employing

> [A]ny of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaging in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).  Defendants' answer admits that at all times material to this case, they employed two or more persons who were regularly engaged in commerce, in the production of goods for commerce, or who handled, sold or otherwise worked on goods or materials that have been moved in or produced in or for commerce.  (Docs. 1 and 14, ¶ 6).  Defendants answer also admits that Superior was an enterprise engaged in commerce as defined by the FLSA and that both Defendants were Burkhardt's employer as defined by the FLSA.  (Id., ¶¶ 7-8).

Burkhardt's affidavit testimony establishes that he worked an average of 60 to 65 hours per work week and that he was not paid overtime wages for any of his hours in excess of 40 per week.  (Doc. 29-1, ¶¶ 6-7).  He has also testified that his hourly wage was "approximately $14.10."  (Id., ¶ 8).  Burkhardt's combined salary and cash payments totaled $564 per week.  Based on a 40 hour work week, that is $14.10 per hour or $21.15 for time plus one-half.

Using the time and date program at

http://www.timeanddate.com/date/workdays.html, the Court finds that Burkhardt

worked a total of 74 days for Defendants excluding weekends and public holidays.

He seeks an award of $7,525 in overtime wages based upon 20-25 hours of

overtime per week for each of the approximately 15 weeks he was employed by

Defendants.  (Id., ¶¶ 8, 11).  Using Burkhardt's figures results in 23.719464 hours of

overtime per week for 15 weeks.  He has not explained how he arrived at this

amount.  I recommend the Court take the average of the overtime testified to by

Burkhardt which is 22.5 per week or 4.5 hours per day.  I also recommend the Court

multiply 4.5 hours per day by 74 workdays at $21.15 per hour for a total of

$7,159.50 in overtime wages.

Where there has been a finding that an employer violated the FLSA, the

district court "generally must award a plaintiff liquidated damages that are equal in

amount to actual damages."  Rodriguez v. Farm Stores Grocery, Inc., 518 F.3d

1259, 1272 (11th Cir. 2008); see 29 U.S.C. § 216(b).  However, the law "provides a

safe harbor for an employer who can establish that it acted in good faith and under

the reasonable belief that it was in compliance with the FLSA."  Rodriguez, 518

F.3d at 1272 (citing 29 U.S.C. § 260).  To satisfy the good faith requirement, an

employer must show that it acted in subjective good faith and had an objectively

reasonable basis for believing that its conduct conformed with the FLSA.  Id.; 29

C.F.R. § 790.22(b).  The subjective component of the good faith safe harbor

requires "an honest intention to ascertain what [the FLSA] requires and to act in

accordance with it."  Dybach v. Dep't. of Corr., 942 F.2d 1562, 1566 (11th Cir. 1991)

-7-

(internal quotation marks and citation omitted).  If an employer proves good faith, a

court may either award no liquidated damages or a reduced amount.  See 29

U.S.C. § 260.  Defendants did not assert the safe harbor as an affirmative defense

and there is no evidence to establish that they are entitled to the protections of the

safe harbor.  Accordingly, I recommend the Court award Burkhardt an additional

$7,159.50 as liquidated damages.

Burkhardt requests $15,651 in attorney's fees and costs.  (Doc. 29 at 4).

However, he has not furnished evidence of the number of hours his attorneys

expended on the case, their hourly rates, or any of the other information required to

perform the lodestar analysis.  The only support for this claim is a conclusory

statement in Burkhardt's affidavit that he is owed this amount.  (Doc. 29-1. ¶ 11).

Accordingly, I recommend that his prayer for attorney's fees and costs be denied.

3. Count Two

Count Two is a claim for quantum meruit which is an action founded on the

belief that "[o]ne person should not benefit from the work efforts of another under

circumstances where the person doing the work has the reasonable expectation of

being paid by the person benefitted, and the person benefitted has a reasonable

expectation of paying for the work."  Hallowes v. Bedard, 877 So.2d 953, 957 (Fla.

5th DCA 2004).  Burkhardt seeks payment of $5,000 based upon Defendants'

promise to pay him seven percent of the store revenue.  (Doc. 29 at 4). He also

seeks $500 in damages for a computer he purchased for Defendants' business

which they retained.  (Id.).  The evidence shows that Burkhardt's labor and the

computer benefitted Defendants.  (Doc. 29-1, ¶¶ 5, 10).  It also shows that

Defendants were aware of and accepted these benefits under circumstances which require them to pay Burkhardt.  (Doc. 29-1).  Therefore, I recommend the Court find for Burkhardt on the issue of liability.

However, there is no evidence of the amount of store revenue while Burkhardt was employed by Defendants.  And, there is no evidence of the amount he paid for the computer or what the fair market value of the device was when he was terminated.  Consequently, Burkhardt has failed to prove the amount of his damages on Count Two.

4. Count Three

Section 448.102(3) Florida Statutes prohibits an employer from taking any retaliatory action against an employee because the employee has objected to a practice of the employer which is in violation of law.  To establish a prima facie case of retaliation, the employee must show: "(1) that she objected to or refused to participate in any illegal activity, policy or practice of Defendant; (2) she suffered an adverse employment action; and (3) the adverse employment action was causally linked to her objection or refusal."  Gleason v. Roche Laboratories, Inc., 745 F. Supp. 2d 1262, (M.D. Fla. 2010).  The evidence shows that Burkhardt was fired because he complained that he was not being paid overtime as required by the FLSA. (Doc. 29-1, ¶ 9).  This is sufficient to establish liability.  Burkhardt has sustained the same actual damages on Count Three as he did on Count One. Therefore, I recommend the Court find for Burkhardt on Count Three and award him $7,159.50 in damages.  Although Burkhardt has proven his claim on Counts One and Three, he can only recover these damages one time.  See Chipser v.

Kohlmeyer & Co., 600 F.2d 1061, 1066 n.11 (5th Cir. 1979); Westerman v. Sears,

Roebuck & Co., 577 F.2d 873, 879 (5th Cir. 1978). [2]

The Court may award reasonable attorney's fees and costs to the prevailing

party in a state action for unpaid wages.  Fla. Stat. § 448.08.  However, because

Burkhardt has failed to provide the information required for the Court to make its

lodestar analysis, I recommend his prayer for attorney's fees and costs based upon

Florida state statues be denied.

RECOMMENDATION

In view of the foregoing, it is respectfully RECOMMENDED that the Court

enter its Order finding:

(1) On Count One, for Burkhardt and against Defendants, jointly and

severally, for actual damages in the amount of $7,159.50 plus liquidated damages

in the amount of $7,159.50 making a total of $14,319.00.  I also recommend that

the Court deny Burkhardt's prayer for attorney's fees and costs without prejudice

and that he be given 14 days to file the appropriate papers to establish these

amounts.

(2) On Count Two, for Burkhardt on the issue of liability and against him on

the issue of damages.

(3) On Count Three, for Burkhardt and against Defendants, jointly and

severally, for actual damages in the amount of $7,159.50.  These are the same

damages awarded in Count One and can only be recovered once from Defendants.

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

I also recommend that the Court deny Burkhardt's prayer for attorney's fees and costs without prejudice and that he be given 14 days to file the appropriate papers to establish these amounts.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

IN CHAMBERS in Orlando, Florida, on December 10, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

    United States District Judge
    Counsel of Record
    Unrepresented Parties