UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TIM BURKHARDT,

    Plaintiff,

v.                                               Case No:   6:12-cv-1648-Orl-22TBS

SUPERIOR TRANSMISSION & AUTO
REPAIR, LLC and HOWARD GROSS,

    Defendants.

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Motion for Attorneys' Fees and Costs. (Doc 39). Upon due consideration I respectfully recommend that the motion be **granted in part and denied in part**.

## Background

On November 2, 2012, Plaintiff brought this action for: (1) recovery of unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.; (2) unjust enrichment under the common law theory of quantum meruit; (3) retaliation in violation of the Florida Whistleblower's Act., Fla. Stat. § 448.102; and (4) attorney's fees and costs pursuant to the FLSA, 29 U.S.C. § 216(b) and Fla. Stat. §§ 448.04 and 448.08. (Doc.1). The Court found in favor of Plaintiff on all three counts, but denied his motion for attorneys' fees and costs without prejudice, with leave to file a separate application for fees and costs. (Docs. 35, 38). The Court gave Plaintiff fourteen (14) days to file the

---

[1] Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

appropriate papers to establish the requested amounts. (Doc. 38 ¶ 2). Plaintiff timely filed the instant motion seeking $15,470.50 in attorneys' fees and $1,232.46 in costs. (Doc. 39).

## Entitlement

The Court has entered a judgment for Plaintiff on all counts of his complaint and he is therefore, the prevailing party. Title 29, United States Code, Section 216(b) provides for an award of attorneys' fees and costs "in addition to any judgment awarded" to an employee who prevails in an action to collect unpaid wages. Also, Florida Statute, Section 448.08 provides for Plaintiff's recovery of his reasonable attorneys' fees for this litigation. Accordingly, Plaintiff has established his entitlement to a reasonable attorneys' fee.

## Attorneys' Fees

It is well settled that district courts within the Eleventh Circuit are required to utilize the "lodestar approach" to calculate a reasonable attorney's fee. See Gray v. Bostic, 625 F.3d 692 (11th Cir. 2010); see also City of Burlington v. Dague, 505 U.S. 557, 562 (1992). The lodestar figure is reached by "multiply[ing] the number of hours reasonably expended by a reasonable hourly rate." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (internal quotations omitted); see also Jackson v. Grupo Indus. Hotelero, S.A., No. 07-22046, 2010 WL 750301, at *2 (S.D. Fla. Mar. 3, 2010).

A. Reasonable Hours Expended

The first step in determining the lodestar is to assess the reasonable number of hours expended. Jackson, 2010 WL 750301, at *3-4. The fee applicant bears the burden of documenting the appropriate number of hours. See United States v. Blue Cross & Blue Shield of Fla., Inc., 882 F. Supp. 166, 170 (M.D. Fla. 1995). Plaintiff seeks 35.4 hours for

work performed by attorney Alfred Truesdell; 3.1 hours for work performed by attorney Jill S. Schwartz; 1.2 hours for work performed by attorney David Spalter; and 13.7 hours for work performed by paralegal Beverly Turner. (Doc. 39 at 4) from September 27, 2012 through December 11, 2013. The motion includes the law firm's timekeeper ledgers in support of this claim. (Doc. 39 at 2; Doc. 39-2). After reviewing the time entries, I recommend that the district judge find the entire 53.4 hours was reasonably expended by Plaintiff's counsel on the prosecution of this action.

### B. Reasonable Hourly Rates

The second step in determining the lodestar is to assess the reasonableness of the attorney's hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Loranger, 10 F.3d at 781; see also Jackson, 2010 WL 750301, at *2-3. The following twelve factors, originally set forth in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), are also considered in calculating a fee award:

> (1) The time and labor required; (2) [t]he novelty and difficulty of the questions; (3) [t]he skill requisite to perform the legal services properly; (4) [t]he preclusion of other employment by the attorney due to acceptance of the case; (5) [t]he customary fee; (6) [w]hether the fee is fixed or contingent; (7) [t]ime limitations imposed by the client or the circumstances; (8) [t]he amount involved and the results obtained; (9) [t]he experience, reputation, and ability of the attorneys; (10) [t]he 'undesirability' of the case; (11) [t]he nature and length of the professional relationship with the client; and (12) [a]wards in similar cases.

Blue Cross & Blue Shield of Fla., Inc., 882 F. Supp. at 170. The party seeking attorney's fees bears the burden of producing "satisfactory evidence that the requested rate is in line with prevailing market rates." In most cases, "satisfactory evidence" consists of something more than the affidavit of the attorney performing the work. Loranger, 10 F.3d at 781.

- 3 -

In other cases, district courts have considered the affidavit of the attorney performing the work as the best evidence of the prevailing market rate. See <u>Dillard v. City of Greensboro</u>, 213 F.3d 1347, 1354-55 (11th Cir. 2000) (citing <u>Blum v. Stenson</u>, 465 U.S. 886, 896 (1984)). In all cases, a district court "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." <u>Loranger</u>, 10 F.3d at 781.

Plaintiff claims fees at the rate of $350.00 per hour attorney time and $115.00 per hour for paralegal time. This is less than Mr. Truesdell's regular rate of $365.00 per hour; Ms. Schwartz' regular rate of $425.00 per hour and Mr. Spanter's regular rate of $385.00 per hour. (Doc. 39 at 5). Plaintiff argues that these rates of pay are consistent with, and may in fact be slightly lower than, the market rates for attorneys and paralegals doing employment law work in Central Florida. (<u>Id</u>.). Plaintiff has offered the affidavit of his lawyer, Alfred Truesdell, in support of his argument. (Doc. 39-1). Mr. Truesdell has concentrated his practice for the past 20 years on labor and employment law. He is a member of the Labor and Employment Law Section of the Florida Bar and the Orange County Bar Labor and Employment Committee. (<u>Id</u>.). Mr. Truesdell attests that he has made a good faith effort to exercise prudent billing judgment in the prosecution of this case. (<u>Id</u>.). I have considered, *inter alia*, Mr. Truesdell's experience and years of practice and recommend that the district court find that the requested rates are reasonable. Accordingly, I respectfully recommend that Plaintiff receive $15,470.50 in attorneys' fees, which will compensate his attorneys and paralegal for 53.4 hours of work at reasonable rates.

### Taxation of Costs

Under the Federal Rules of Civil Procedure, a prevailing party is generally entitled

to an award of all taxable costs incurred in litigating the dispute. See FED. R. CIV. P. 54(d)(1). Pursuant to statute,

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title [28 USCS § 1923]; [and] (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 USCS § 1828].

28 U.S.C. § 1920.

The Eleventh Circuit has held that "costs such as general copying, computerized legal research, [courier/]postage, courthouse parking fees and expert witness fees . . . are clearly nonrecoverable under § 1920." Gary Brown & Assocs. v. Ashdon, Inc., Nos. 06-15262, 07-10167, 2008 WL 612672, at *7 (11th Cir. Mar. 7, 2008) (internal citations omitted) (quoting Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996)). Upon due consideration, I conclude that the following costs sought be Plaintiff are not recoverable:

| 10/31/12 | Postage Expense | 6.65 |
| --- | --- | --- |
| 11/12/12 | ASAP Courier Services - Deliver filing documents to Clerk of Court | 10.88 |
| 12/31/12 | Postage and Certified Mail for the Month of December 2012 | 2.25 |
| 3/31/13 | Postage January 1, 2013 through March 31, 2013 | .92 |
| 4/1/13 | Power Point Slides | 70.00 |
| 4/30/13 | Photocopies and Fax | 349.50 |

|          | May 1, 2013 through May 31, 2013 |         |
|----------|----------------------------------|---------|
| 10/31/13 | Postage September/October 2013   | .66     |
| Total    |                                  | $440.86 |

Therefore, based on the evidence of record, Plaintiff is only entitled to recover the $350.00 filing fee, $80.00 service of process fee, the mediator's fee of $360.00, and the records request fee of $1.60, pursuant to 28 U.S.C. § 1920.

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that the district court:

1. Grant Plaintiff's Motion for Attorneys' Fees and Costs (Doc 39) to the extent it seeks the recovery of $15,470.50 in professional fees and $791.60 in costs; and

2. Deny the motion to the extent it seeks recovery of $440.86 in non-recoverable costs.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on January 23, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record
Any Unrepresented Parties